1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

NATALEE ANN RICHARDS,

11

Plaintiff,

CASE NO. 11-cv-6011-JRC

12

v.

ORDER ON PLAINTIFF'S
COMPLAINT

13

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

14
15

Defendant.

16
17

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19

Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United

20

States Magistrate Judge, ECF No. 7). Plaintiff has filed an Opening Brief and defendant

21

has responded (*see* ECF Nos. 13, 18). Defendant also has provided the Court with a

22

Notice of Supplemental Authority (*see* ECF No. 19).

23
24

After considering and reviewing the record, the undersigned finds that when the new evidence is considered, including that of plaintiff's back surgery and subsequent reports of pain, the ALJ's written decision is not based on substantial evidence in the record as a whole. The ALJ also committed legal error in his evaluation of the medial evidence as well as plaintiff's testimony and credibility. Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

<u>BACKGROUND</u>

Plaintiff, NATALEE ANN RICHARDS, was born in 1982 and was twenty-seven years old on her amended alleged disability onset date of October 5, 2009 (Tr. 20, 135). She has a twelfth grade education and work history from 1999 through 2009 (Tr. 54-57, 145). Plaintiff has past relevant work as a warehouse worker, waitress, and veterinary assistant (*see* Tr. 32, 166)

At her July 7, 2011 administrative hearing, plaintiff testified that she stopped working at the warehouse "due to health issues that were described as 'severe breathing problems' and 'trouble walking with right leg'" (*see* Tr. 27). When asked at her hearing what was "the main thing that allegedly stopped her from working, the claimant stated her back, which prevented her from sitting very long and from walking," such as walking for 5 minutes, and standing for 5 to 10 minutes (*id.*). Plaintiff testified that she stopped smoking four months before the hearing, but that she had an asthma attack a week prior to the hearing.

1    After the hearing and ALJ decision, plaintiff reported to her medical provider on

2    July 21, 2011 that although she had twenty-four physical therapy sessions, it felt like

3    "they made her problem worse than before she started" (*see* Tr. 528). Dr. Peter G. Brown,

4    M.D. indicated that plaintiff had a right "sided disc bulge at L4-5" (*id.*). He

5    recommended a right L4/5 discectomy (*id.*). He also indicated that plaintiff understood

6    the risks of said recommendation, including "infection, bleeding, neurologic injury,

7    paralysis, or death" (*id.*). Plaintiff opted for surgery.

8    On August 10, 2011, plaintiff underwent discectomy surgery (*see* Tr. 552-53). The

9    treatment notes detail the surgery and indicate the pre- and post- operative diagnoses of

10    disc herniation (*id.*). The notes indicate the following, after detailing the surgical opening

11    of the lower back:

12

13            The thecal sac and nerve root were retracted medially. Epidural veins
               were cauterized and divided to reveal a bulging annulus. The annulus
14             was then incised with a #15 blade and a thorough diskectomy was
               carried out . . . . The disk material was noted to be quite degenerated
15             and parts of it came out almost like toothpaste.

16    (Tr. 552).

17    On August 23, 2011, plaintiff was seen for a post operative follow up

18    appointment. She indicated that she still had some pain in her lower back and right leg

19    following surgery, but that it was improved somewhat (*see* Tr. 532). Plaintiff had a MRI

20    scan on September 1, 2011, which revealed "left postoperative changes with evidence for

21    epidural fibrosis and abnormal perineural contrast enhancement adjacent to the proxminal

22    right L5 nerve root" (Tr. 540). At her next follow up appointment on September 20,

23    2011, plaintiff indicated that although she had done well for a week, the pain then

24

ORDER ON PLAINTIFF'S COMPLAINT - 3

returned (*see* Tr. 536). Plaintiff's doctor recommended doing the discectomy surgery

again (*id.*).

<u>PROCEDURAL HISTORY</u>

Plaintiff filed applications for supplemental security income and disability

insurance benefits in September, 2009 alleging disability based on a combination of

physical and mental impairments (*see* Tr. 135-42). Her applications were denied initially

and following reconsideration (Tr. 58-61, 66-68, 75-76). Plaintiff's requested hearing was

held before Administrative Law Judge Verrell Dethloff ("the ALJ") on July 7, 2011 (Tr.

40-53). On June 23, 2011, the ALJ issued a written decision denying plaintiff's claim (Tr.

17-34).  Significantly, the ALJ's decision was issued before plaintiff underwent back

surgery.

On November 23, 2011, three months after plaintiff's back surgery, the Appeals

Council denied plaintiff's request for review, making the written decision by the ALJ the

final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. The

Appeals Council indicated that it had "considered the additional evidence" plaintiff

submitted to it after the ALJ's written decision regarding her back surgery and post

operative recovery. (*see* Tr. 1, 4 (*citing* Exhibits 26-28F, *i.e.*, Tr. 519-57)). Plaintiff's date

last insured is December 31, 2013 (Tr. 23).

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

written decision (*see* ECF No. 1). In her Opening Brief, she challenges the ALJ's review

of her depression, pain testimony, credibility, residual functional capacity ("RFC") and

medical opinion evidence of record (*see* ECF No. 13). Plaintiff also contends that the new

1  evidence that she submitted to the Appeals Council subsequent to the ALJ's decision

2  demonstrates that the ALJ's written decision was not based on substantial evidence in the

3  record as a whole (*see id.*, at 7).

4                              STANDARD OF REVIEW

5          Plaintiff bears the burden of proving disability within the meaning of the Social

6  Security Act (hereinafter "the Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.

7  1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines

8  disability as the "inability to engage in any substantial gainful activity" due to a physical

9  or mental impairment "which can be expected to result in death or which has lasted, or

10  can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

11  §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's

12  impairments are of such severity that plaintiff is unable to do previous work, and cannot,

13  considering plaintiff's age, education, and work experience, engage in any other

14  substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

15  1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

16          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

17  denial of social security benefits if the ALJ's findings are based on legal error or not

18  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

19  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

20  1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

21  such "'relevant evidence as a reasonable mind might accept as adequate to support a

22  conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.*

*Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court must determine independently whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.,* 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

<u>DISCUSSION</u>

   1. <u>The ALJ erred in his review of plaintiff's testimony and credibility and her testimony should be re-evaluated based on the new evidence.</u>

   The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted).

1    Here, the ALJ relied in part on plaintiff's activities of daily living in order to

2    support his failure to credit fully plaintiff's credibility and testimony (Tr. 28-29). The

3    ALJ noted that plaintiff "arranged and went to appointments, prepared meals, watched

4    television and movies, [] enjoyed puzzles" and that she indicated "her care for the

5    household pets, her lack of any problems in personal care and the performance of such

6    chores as dishes, laundry, garden weeding and light dusting" (Tr. 28).  However, the ALJ

7    failed to find explicitly that plaintiff's activities of daily living were transferable to a

8    work setting and he failed to identify specifically what testimony was credible and what

9    evidence undermined plaintiff's complaints. Therefore, this reliance on activities of daily

10   living was not supported by "specific, cogent reasons." *See Reddick*, *supra*, 157 F.3d at

11   722 .

12   Regarding activities of daily living, the Ninth Circuit "has repeatedly asserted that

13   the mere fact that a plaintiff has carried on certain daily activities  .  .  .  .  does not in any

14   way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625,

15   639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).

16   The Ninth Circuit specified "the two grounds for using daily activities to form the basis

17   of an adverse credibility determination:" (1) whether or not they contradict the claimant's

18   other testimony and (2) whether or not the activities of daily living meet "the threshold

19   for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at

20   603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to

21   the daily activities' and their transferability to conclude that a claimant's daily activities

warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

In addition, the ALJ relied on a finding that the objective medical evidence did not support plaintiff's allegations of her limitations (*see* Tr. 28). The ALJ also found that plaintiff's "medically determinable impairments could not reasonably be expected to cause the alleged symptoms" (Tr. 27). However, the ALJ failed to specify which particular alleged symptoms were not caused by plaintiff's medically determinable impairments. Furthermore, if the Court reviews the new evidence, this evidence demonstrates that most, if not all, of plaintiff's alleged symptoms reasonably could have been caused by her medically determinable impairments, including her degenerative disc disease, an impairment found to be severe by the ALJ (*see* Tr. 23).

Additionally, in this case the ALJ rendered his decision before plaintiff underwent additional medical evaluation and back surgery.  This additional evidence was submitted to the Appeals Council for consideration.  The Court may consider new evidence presented first to the Appeals Council when determining whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (*citing Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). The Ninth Circuit Court in *Ramirez* did not require a finding that plaintiff had good cause for failing to produce the new evidence earlier. *See Ramirez, supra*, 8 F.3d at 1451-54; *see also Taylor, supra*, 659 F.3d at 1232.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Recently, the Ninth Circuit held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence[1]." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60, 1163 (9th Cir. June 14, 2012) (emphasis added) (*citing Tackett, supra,* 180 F.3d at 1097-98); s*ee also Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (*citing* 42 U.S.C. § 405(g) (sentence six)).

As in *Brewes*, in this matter, the Appeals Council, "when looking at [plaintiff's] case, [] considered the additional evidence" that plaintiff submitted to the Appeals Council. *See Brewes, supra*, 682 F.3d at 1161. This evidence is part of the administrative record (*see* Tr. 1-5 (Appeals Council indicated that it had "considered the additional evidence") (*citing* Exhibits 26-28F, *i.e.*, Tr. 519-57); *see also* Tr. 519-57).

In addition, the new evidence here is relevant to the level of pain that plaintiff was experiencing before the ALJ's decision was issued and to her level of limitation during the relevant period of time. The ALJ rejected plaintiff's allegations on both of these issues. Therefore, the new evidence must be considered when this Court makes its determination regarding whether or not the final agency decision is supported by

---

[1] The Ninth Circuit Court noted that "[t]his question has split the circuits." *Brewes, supra*, 682 F.3d at 1161 (*citing Higginbotham v. Barnhart*, 405 F.3d 332, 335-36 (5th Cir. 2005) (discussing the circuit split)).

1  substantial evidence in the record as a whole. *See Brewes*, *supra*, 682 F.3d at 1159-60,

2  1163; *but see supra*, n.1.

3        The new evidence regarding plaintiff's surgery and the surgeon's findings

4  regarding the physical evidence of degenerative disc disease demonstrate that the ALJ's

5  findings regarding plaintiff's credibility are not findings based on substantial evidence in

6  the record as a whole. The indications of the severity of plaintiff's disc disease in the

7  surgeon's treatment records demonstrates the objective medical evidence in support of

8  plaintiff's allegations of pain during the prior time frame and demonstrates that her

9  alleged limitations reasonably may have been caused by her medically determinable

10  impairments (*see* Tr. 552 ("the disk material was noted to be quite degenerated and parts

11  of it came out almost like toothpaste")).

12

13        Based on the entire record, the Court concludes that the ALJ's finding that

14  plaintiff's allegations reasonably could not have been caused by her medically

15  determinable impairments is not based on substantial evidence in the record as a

16  whole. Therefore, for the reasons discussed, the Court concludes that plaintiff's

17  testimony and credibility were not evaluated properly.

18        This improper evaluation was not harmless error: the ALJ rejected

19  plaintiff's testimony and allegations and also rejected medical evidence on the

20  basis that the doctors were relying on plaintiff's subjective reports regardless of

21  the objective medical evidence, or lack thereof, *see infra*, section 2. Therefore,

22  this matter must be reversed and remanded to the Commissioner for further

23  evaluation.

24

ORDER ON PLAINTIFF'S COMPLAINT - 10

1
2    2.   <u>The medical evidence should be evaluated anew following remand</u>.

3        The ALJ provided his own interpretation of the medical evidence and did not

4    credit fully any of the medical opinions in the record (*see* Tr. 29-33). However, an ALJ

5    must explain why his own interpretations, rather than those of the doctors, are correct.

6    *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.

7    1988)). Even the medical opinion to which the ALJ gave "significant weight" was not

8    adopted fully (*see* Tr. 30). Regarding this medical opinion, the ALJ found that with "the

9    assessment of light activity based on the claimant's complaint of shortness of breath, the

10   Administrative Law Judge seems (sic) the determination as flawed due to its foundation

11   in complaints rather than on objective medical findings" (*id.*).

12       Likewise, the ALJ found that the opinions of treating physician, Dr. Jack Sacks,

13   M.D., were not based on objective medical evidence but were "simply [] a recapitulation

14   of what the claimant told him" (*see* Tr. 30). In a similar fashion, the ALJ found that

15   plaintiff's other treating physician, Dr. Katharine, Landy, M.D., also indicated

16   conclusions not supported by objective medical evidence and based on plaintiff's

17   subjective complaints (*see* Tr. 31).

18       "A treating physician's medical opinion as to the nature and severity of an

19   individual's impairment must be given controlling weight if that opinion is well-

20   supported and not inconsistent with the other substantial evidence in the case record."

21   *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at

22   *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also* 20 C.F.R. §

23   416.902. However, "[t]he ALJ may disregard the treating physician's opinion whether or

24

1  not that opinion is contradicted." *Batson v. Commissioner of Social Security*

2  *Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881

3  F.2d 747, 751 (9th Cir. 1989)). In addition, "[a] physician's opinion of disability

4  'premised to a large extent upon [plaintiff]'s own accounts of h[er] symptoms and

5  limitations' may be disregarded where those complaints have been 'properly

6  discounted.'" *Morgan, supra,* 169 F.3d at 602 (*quoting Fair v. Bowen*, 885 F.2d 597, 605

7  (9th Cir. 1989) (*citing Brawner v. Sec. HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))).

8         Here, the ALJ failed to explain adequately why his interpretation of the medical

9  evidence was more correct than the interpretation of plaintiff's doctors. *See Reddick,*

10  *supra*, 157 F.3d at 725. The Court is not convinced that every doctor that examined

11  plaintiff, including two treating physicians, as well as the physician medical consultant,

12  all neglected to rely on objective medical evidence and instead relied on plaintiff's

13  subjective reports. The new evidence demonstrates the objective basis for some of

14  plaintiff's complaints and demonstrates the benefit of medical training to inform medical

15  opinions. *See Reddick, supra*, 157 F.3d at 725.

16         Even if plaintiff's arguments regarding the ALJ's evaluation of the medical

17  evidence are meritless, the Court concludes that the new evidence demonstrates that the

18  medical evidence regarding this matter must be evaluated anew. As a result, plaintiff's

19  residual functional capacity ("RFC") must be evaluated anew. The Court concludes that

20  the five step sequential disability evaluation process should be completed anew following

21  a *de novo* hearing and a new decision.

1          3.   <u>This matter should not be remanded with a direction to award benefits</u>.

2          As an initial matter, the Court does not agree with defendant's contention in his

3    Response that if a district court considers new evidence in order to determine whether or

4    not an ALJ's decision is supported by substantial evidence and free of legal error that the

5    district court then "may remand this case for further administrative proceedings pursuant

6    to sentence six of 42 U.S.C. § 405(g)" (Response, ECF No. 18, p. 18). The Court notes

7    that defendant provided the Court with a courtesy Notification of Supplemental

8    Authority, acknowledging new precedent potentially adverse to defendant's position on

9    this issue (*see* ECF No. 19).

10         According to the Supreme Court, when the court reviews "final agency decisions

11   on Social Security benefits, the exclusive methods by which district courts may remand

12   to the Secretary are set forth in sentence four and sentence six of § 405(g)." *Shalala v.*

13   *Schaefer*, 509 U.S. 292, 297 (1993). Sentence six of 42 U.S.C. § 405(g) provides as

14   follows:

15   

16          The [district] court may, on motion of the Secretary made for good cause shown
            before he files his answer, remand the case to the Secretary for further action by
17          the Secretary, and it may at any time order additional evidence to be taken before
            the Secretary, but only upon a showing that there is new evidence which is
18          material and that there is good cause for the failure to incorporate such evidence
            into the record *in a prior proceeding*; and the Secretary shall, after the case is
19          remanded, and after hearing such additional evidence if so ordered, modify or
            affirm his findings of fact or his decision, or both, and shall file with the court any
20          such additional and modified findings of fact and decision, and a transcript of the
            additional record and testimony upon which his action in modifying or affirming
21          was based.

22   42 U.S.C. § 405(g) (emphasis added).

23   

24

As noted by the Supreme Court, "[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented *before the agency*." *Schaefer, supra*, 509 U.S. at 297 n.2 (emphasis added) (*citing* 42 U.S.C. § 405(g) (sentence six); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991); *cf. Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).

Given the facts of this case, remand of this matter now only is authorized pursuant to sentence four of 42 U.S.C. § 405(g). *See Schaefer, supra*, 509 U.S. at 297 n.2, 299 (discussing a case in which a district court had remanded with "a sentence-four remand that the District Court had improperly (but without objection) treated like a sentence-six remand," by retaining jurisdiction) (*discussing Sullivan v. Hudson*, 490 U.S. 877 (1989)). In this matter, there was no request for remand prior to the Answer being filed and the new evidence at issue was presented to the agency, *i.e.*, the Appeals Council.

However, the Court agrees with defendant's contention that this matter should not be remanded with a direction to award benefits, but should be remanded for a *de novo* hearing and new decision.

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence

should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra*, 211 F.3d at 1178 (*quoting Smolen, supra*, 80 F.3d at 1292).

The ALJ here did not have the opportunity to review the new evidence presented first to the Appeals Council. In addition, it is not clear from the record that plaintiff was disabled even when the new evidence is considered. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court.  *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

For the reasons stated and based on the relevant record, the Court concludes that this matter should be reversed and remanded to the Commissioner for a *de novo* hearing and a new decision.

<u>CONCLUSION</u>

The ALJ committed legal error in his evaluation of this matter and the new evidence demonstrates that the ALJ's findings were not based on substantial evidence in the record as a whole.

1    Based on these reasons and the relevant record, the Court **ORDERS** that this

2  matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

3  405(g) to the Commissioner for further consideration.

4    **JUDGMENT** should be for plaintiff and the case should be closed.

5  Dated this 10th day of August, 2012.

6

7

8                                         J. Richard Creatura
                                          United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24